This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Shannon Payne, appellant, appeals from the decision of the Summit County Court of Common Pleas. We affirm in part and reverse in part.
 {¶ 2} Mr. Payne was indicted on June 24, 1999. As pertinent to this appeal, on September 21, 1999, he pled guilty to one count of engaging in a pattern of corrupt activity, in violation of R.C.2923.32(A)(1), two counts of receiving stolen property, in violation of R.C. 2913.51(A), one count of fraudulent actions concerning vehicle identification numbers, in violation of R.C. 4549.62(A), one count of forgery, in violation of R.C. 2913.31(A)(2)/(3), and one count of grand theft, in violation of R.C. 2913.02(A)(1)/(3). The remaining charges were dismissed. On October 22, 1999, Mr. Payne was sentenced. This appeal followed, pursuant to our order granting Mr. Payne's motion for leave to filed a delayed appeal.
 {¶ 3} Mr. Payne raises six assignments of error. We will address the first, fifth, and sixth assignments of error first. The sixth assignment of error is dispositive of the remaining assignments of error.
 First Assignment of Error
"IN THE FIRST ASSIGNMENT OF ERROR THE APPELLANT STATES THE TRIAL COURT ERRED WHEN IT IMPOSED A SENTENCE LONGER THAN THE SHORTEST AUTHORIZED SENTENCE ON AN OFFENDER WHO HAD NOT PREVIOUSLY SERVED A PRISON TERM WITHOUT MAKING ONE OF THE TWO FINDINGS UNDER R.C. 2929.14(B) THAT PERMIT THE COURT TO DEPART FROM THE SHORTEST TERM ON AN OFFENDER WHO DID NOT PREVIOUSLY SERVE A PRISON TERM."
 {¶ 4} In the first assignment of error, Mr. Payne asserts that the trial court erred in imposing more than the minimum sentence with regard to the charge of engaging in a pattern of corrupt activity. Specifically, Mr. Payne cites to R.C. 2929.14(B) and asserts that the trial court failed to make the requisite findings. We disagree.
 {¶ 5} R.C. 2929.14(B) provides, in pertinent part, that:"[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 6} The Ohio Supreme Court has interpreted R.C. 2929.14(B) to mean that "unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v. Edmonson (1999),86 Ohio St.3d 324, 326.
 {¶ 7} However, the trial court is not required to give reasons for its findings. Id. Further, this Court has previously held that the findings need not be in the transcript of the sentencing hearing if they are in the journal entry. See State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846; see, also, State v. Lute (Nov. 22, 2000), 9th Dist. No. 99CA007431.
 {¶ 8} In the present case, in the journal entry, the court indicated that "anything less would demean the seriousness of the offense." Although the trial court did not specifically refer to R.C.2929.14(B) and, rather, appears to be referencing R.C. 2929.13(B), it is obvious that the factor mentioned is not one of those listed under R.C.2929.13(B). Clearly, the trial court was referencing R.C. 2929.14(B) and indicating that it had considered such statutory section. Accordingly, this Court finds that the trial court complied with R.C. 2929.14(B) when it sentenced Mr. Payne to more than the minimum sentence on the charge of engaging in a pattern of corrupt activity. See State v. Maruna, 9th Dist. No. 21214, 2003-Ohio-1137, ¶ 8-10. Mr. Payne's first assignment of error is not well taken.
 Fifth Assignment of Error
"IN THE FIFTH ASSIGNMENT OF ERROR THE APPELLANT STATES THE TRIAL COURT FAILED TO MAKE THE REQUIREMENT THAT THE APPELANT NOT INGEST OR BE INJECTED WITH A DRUG OF ABUSE AND SUBMIT TO RANDOM DRUG TESTING AS THE COURT IS MANDATED TO DO AT A SENTENCING HEARING IF THE COURT IMPOSES A PRISON SENTENCE."
 {¶ 9} In the fifth assignment of error, Mr. Payne asserts that the trial court failed to make a requirement pursuant to R.C. 2929.19(B)(3)(f). Specifically, he asserts that the court needed to require that he not ingest or be injected with a drug of abuse and submit to random drug testing. We disagree.
 {¶ 10} In making his argument, Mr. Payne points to the current version of R.C. 2929.19(B)(3) which provides, in pertinent part, that:"[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:"***"(f) Require that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in section 341.26, 753.33, or 5120.63 of the Revised Code, whichever is applicable to the offender who is serving a prison term, and require that the results of the drug test administered under any of those sections indicate that the offender did not ingest or was not injected with a drug of abuse."
 {¶ 11} Notably, in October of 1999, when Mr. Payne was sentenced, this statutory subsection was not in effect. Rather, R.C. 2929.19(B)(3)(f) did not become effective until the year 2000. Furthermore, even had the subsection been in effect at the time Mr. Payne was sentenced, "[t]he requirements which R.C. 2929.19(B)(3)(f) impose on the trial court were not intended to benefit a defendant, but to facilitate drug testing of prisoners in state institutions by discouraging defendants who are sentenced to prison from using drugs." State v. Arnold, 2nd Dist. No. 02CA0002, 2002-Ohio-4977, 2002/2002-Ohio-4977, ¶ 37. The record does not demonstrate how Mr. Payne was prejudiced as a result of this action and, likewise, Mr. Payne has failed to offer any explanation of how he was prejudiced. See id; see, also, State v. Dixon (Dec. 28, 2001), 2nd Dist. No. 01CA17. Mr. Payne's fifth assignment of error is overruled.
 Sixth Assignment of Error
"IN THE SIXTH ASSIGNMENT OF ERROR THE APPELLANT STATES THAT THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE ALLOWED FOR THE OFFENSE OF FORGERY, A FELONY OF THE FIFTH DEGREE WITHOUT GIVING ITS REASON FOR IMPOSING SAID SENTENCE."
 {¶ 12} In the sixth assignment of error, Mr. Payne asserts that the trial court erred when imposing the maximum sentence allowed for the charge of forgery. Specifically, Mr. Payne asserts that the trial court failed to make the necessary findings to support a maximum sentence for forgery. The state concedes that this was error on the part of the trial court and asks that the matter be remanded. Mr. Payne's sixth assignment of error is sustained. The sentence for the charge of forgery is vacated and the matter remanded for resentencing on such charge.
 Second Assignmentof Error
"IN THE SECOND ASSIGNMENT OF ERROR THE APPELLANT STATES THE TRIAL COURT ABUSED IT'S [sic.] DISCRETION BY NOT SHOWING ON THE RECORD IT CONSIDERED THE MANDATED FACTORS UNDER R.C. 2929.12 THAT APPLY WHEN IMPOSING SENTENCE."
 Third Assignment of Error
"IN THE THIRD ASSIGNMENT OF ERROR THE APPELLANT STATES THAT THE TRIAL COURT ERRED WHEN IT IMPOSED A SENTENCE FOR TWO OR MORE OFFENSES THAT AROSE OUT OF A SINGLE INCIDENT THAT WAS THE MAXIMUM SENTENCE ALLOWED FOR THE OFFENSE OF THE HIGHEST DEGREE WITHOUT GIVING ITS REASON FOR IMPOSING SAID SENTENCE."
 Fourth Assignment of Error
"IN THE FOURTH ASSIGNMENT OF ERROR THE APPELLANT APPEALS HIS CONSECUTIVE SENTENCES."
 {¶ 13} In the second assignment of error, Mr. Payne asserts that the trial court erred when it failed to consider on the record the factors in R.C. 2929.12. In the third assignment of error, he asserts that the trial court erred when it imposed a sentence for two or more offenses arising out of a single incident which was the maximum sentence allowed for the offense of the highest degree without providing reasons for imposing the sentence. Finally, in the fourth assignment of error, Mr. Payne avers that the trial court erred in imposing consecutive sentences. As the issue of the maximum sentence allowed for the charge of forgery is dispositive of these assigned errors, we decline to address Mr. Payne's remaining arguments. See App.R. 12(A)(1)(c).
 {¶ 14} Mr. Payne's first and fifth assignments of error are overruled, while the sixth assignment of error is sustained. The sixth assignment of error is dispositive of the second, third, and fourth assignments of error. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this decision.
SLABY, P.J. CONCURS.